# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 19CR4504-H |
|---|---|
| Plaintiff, | |
| v. | ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S APPEAL AND SETTING HEARING ON THE APPEAL |
| RAMON QUINTERO, | |
| Defendant. | |
| | (Doc. No. 20.) |

Pending before the Court is Defendant Ramon Quintero's ("Defendant") appeal of the Magistrate Judge's detention order (Doc. No. 20) filed on December 27, 2019. The Government filed a response in opposition on December 30, 2019. (Doc. No. 21.) The Defendant is charged with attempted reentry of a removed alien, a felony, in violation of Title 8 U.S.C. § 1326. (Doc. No. 11.) The Court has jurisdiction to hear this matter under Title 18 U.S.C. § 3145(b) and is required to determine the Defendant's motion promptly. A district judge reviews *de novo* a magistrate judge's decision to detain the defendant. United States v. Koenig, 912 F.2d 1190 (9th Cir. 1990). Under Koenig, a district judge is to make his or her own *de novo* determination of facts without deference to the magistrate judge's ultimate conclusion. However,

"the district court is not required to start over in every case, and proceed as if the magistrate's decision and findings did not exist." Id at 1193.

The Bail Reform Act, Title 18 U.S.C. § 3142(g), requires the Court to consider four factors in determining whether to detain or release a defendant: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, record concerning appearance at court proceedings, and whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

When considering the nature of the offenses charged, the Court also considers the penalties associated with the charges. United States v. Townsend, 897 F.2d 989, 995 (9th Cir. 1990). Additionally, "the weight of the evidence is the least important of the various factors." United States v. Motamedi, 767 F.2d 1403, 1408 (9th Cir. 1985) (internal citations omitted). Although immigration status is not a listed factor to consider in determining bail, "[a]lienage may be taken into account, but it is not dispositive." United States v. Santos-Flores, 794 F.3d 1088, 1090 (9th Cir. 2015). However, "[a] defendant's immigration detainer is not a factor in this analysis, whether as evidence for or against a finding that the defendant poses a risk of nonappearance." United States v. Diaz-Hernandez, 943 F.3d 1196, 1199 (9th Cir. 2019).

The government bears the burden of showing by a preponderance of the

evidence that the defendant poses a flight risk. <u>Santos-Flores</u> at 1090. A finding that a defendant is a danger to any other person or the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B). Furthermore, the Court is prohibited from imposing a financial condition that would result in the de facto detention of a defendant. 18 U.S.C. § 3142(c)(2); <u>see also</u> <u>Diaz-Hernandez</u> at 1199 (Affirming the district judge's detention order based on the district court's finding that the defendant would not be able to post bond in the amount that the district judge theorized would reasonably assure the defendant's appearance.).

The Defendant's family ties to the United States including family support weighs in favor of setting bail. However, the Defendant's serious criminal history, including a robbery involving a firearm conviction resulting in a prison term of six years, a drug and forgery conviction resulting in a prison term of 4 years, a recent felony conviction for an immigration offense in the Eastern District of California, and a recent state court conviction for driving under the influence and obstructing a public officer weighs against setting bail in this case. Additionally, the Defendant is on probation with the state court at the time the instant offense was committed, which also weighs against setting bail. Furthermore, the Defendant has two prior deportations and has returned despite being ordered to remain outside United States, leaving the Court with little confidence that the Defendant will be able to follow the Court's order to appear for further proceedings if released on bail. The Defendant's lack of employment history also weighs against setting bail in this case. Additionally, as the Government points out, the Defendant has a prior immigration felony and therefore is subject to a substantial sentencing guideline range, which weighs in favor of detention.

After *de novo* review of the current record before the Court and upon considering the factors set forth under the Bail Reform Act, the Court is inclined to support the Magistrate Judge's conclusion by a preponderance of the evidence that the defendant is a flight risk and that no condition or combination of conditions will

reasonably assure the appearance of the Defendant. Accordingly, in light of the Court's obligation to determine this matter promptly, the Court DENIES WITHOUT PREJUDICE the Defendant's request to set bail in this case.

The Court's ruling is made without prejudice to allow U.S. Pretrial Services to weigh in at the hearing. Accordingly, the Court sets a hearing on the appeal for January 13, 2020 at 2:00 p.m. The Defendant may file a reply by January 6, 2020 or, in the alternative, may orally present his reply at the hearing on this matter. The Court directs U.S. Pretrial Services to appear at the hearing and directs the Clerk to send a copy of this order to U.S. Pretrial Services.

IT IS SO ORDERED.

DATED: December 31, 2019

_____
HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE